IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,          :         Case No. 3:11-cr-104
                                             Also Case No 3:12-cv-411

                                             District Judge Timothy S. Black
      -vs-                              Magistrate Judge Michael R. Merz
                                    :

REGINALD E. HAWKINS,

       Defendant.

## REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court for recommendation on the merits.

Defendant pleads four grounds for relief, all of which seem to complaint about his trial attorney. In Ground One he alleges "My counsel did not fully represent me during my court proceedings." (§ 2255 Motion, Doc. No. 44, PageID 115). Ground Two asserts "My counsel never raised any arguments that I requested." *Id.* at PageID 116. Ground Three asserts "Counsel never filed any motions to my knowledge that I requested." *Id.* Ground Four claims "Counsel did not keep and obtain a counsel and a client relationship." *Id.* at PageID 117.

Ordered to answer the Motion, the United States pointed out that Mr. Hawkins had pled only conclusory allegations and no facts at all (Response, Doc. No. 46). Mr. Hawkins was advised first in Chief Magistrate Judge Ovington's Order for an answer that he would have twenty-one days from the date the Response was served to file a reply (Doc. No. 45). He was again reminded of this deadline on February 1, 2013 (Doc. No. 49). However, he has filed

1

nothing in reply.

Rule 2 of the Rules Governing § 2255 Motions requires that they "state the facts supporting each ground." As the Government points out, Mr. Hawkins has stated no facts at all. For example, he has not said what motions or arguments he wanted made that trial counsel failed to make, what she did not do to maintain an attorney-client relationship, and how she failed fully to represent him.

Because the § 2255 Motion fails to state a claim upon which relief can be granted, it should be dismissed without prejudice,  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on this Ground for Relief.

March 6, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).