UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-104; 3:12-cv-411 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| REGINALD E. HAWKINS, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND
RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 50);
(2) OVERRULING DEFENDANT'S OBJECTIONS (Doc. 51); (3) DENYING
DEFENDANT'S MOTION TO VACATE (Doc. 44) WITHOUT PREJUDICE; AND
(4) DENYING A CERTIFICATE OF APPEALABILITY**

This case is before the Court on the Report and Recommendations of the United

States Magistrate Judge Michael R. Merz.  (Doc. 50).  The Magistrate Judge concludes that

Defendant's Motion to Vacate fails to state a claim upon which relief can be granted and

recommends that the Motion be dismissed without prejudice.  Additionally, the Magistrate

Judge concludes that Defendant's should be denied a certificate of appealability.  Defendant

sent a letter to the Court (Doc. 51), which the Court construes as an Objection to the Report

and Recommendations of the Magistrate Judge.  The issues are now ripe for decision.

Hawkins was originally charged in a five count indictment and subsequently entered

knowing and voluntary pleas on two counts: (1) possession with the intent to distribute in

excess of 100 grams or more of a mixture or substance containing a detectable amount of

heroin, a Schedule 1 controlled substance ("the drug count"); and (2) possession of a firearm

in furtherance of a drug offense ("the gun count").  The Court originally sentenced Hawkins

to 96 months on the drug count and 60 months on the gun count, to be served consecutively,

for a total aggregate sentence of 156 months.  (Doc. 31).  Hawkins appealed from the

original judgment entry.  (Doc. 33).

      While this case was pending on direct appeal, the Government filed a Motion in this

Court, to which the Court issued an Indicative Ruling certifying that it would grant the

Government's Motion if the Sixth Circuit Court of Appeals remanded the case for that

purpose.  On or about July 13, 2012, the Sixth Circuit issued an Order stating:

> The defendant moves to remand to the district court for resolution of a
> pending motion. The district court has issued an indicative ruling,
> stating that were the matter remanded, it would  grant the motion.
> There being no opposition from the government, and in view of the
> indicative ruling,
>
> It is **ORDERED** that this matter is remanded to the district court for
> further proceedings.  This order is dispositive of this appeal, and if any
> party seeks further review, a new appeal must be filed. Fed. R. App.
> 12.1; 6 Cir. R. 45(a)(7).

(Doc. 41).  Following remand, on September 5, 2012, the Court resentenced Hawkins to an

aggregate 94 month term of imprisonment.  (Doc.42).

      On December 11, 2012, Hawkins filed a Motion to Vacate, Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255.  In his Motion, Hawkins sets forth four grounds for

relief, all generally arguing ineffective assistance of counsel.  Specifically, Hawkins states in

his Motion that: (1) trial counsel did not fully represent him during court proceedings;

(2) counsel never raised any arguments that he requested; (3) counsel never filed any motions

that he requested; and (4) counsel did not keep or obtain an attorney-client relationship.

(Doc. 44).  Hawkins' Motion sets forth no specific facts supporting his claims for relief.

      In response to Hawkins' Motion, the Government argues that Hawkins presents only

vague and conclusory allegations which fail to meet his burden of showing entitlement to

relief under § 2255.  (Doc. 46).  The Magistrate Judge agrees with the Government and concludes that Hawkins fails to state a claim upon which relief can be granted because his Motion is devoid of any facts supporting the grounds for relief asserted.  (Doc. 50). Following issuance of the Report and Recommendations by the Magistrate Judge, Hawkins submitted a letter to the Court wherein he provides additional, yet limited, information regarding the grounds for relief set forth in his Motion.  (Doc. 51).  The Court now reviews those Objections *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)).  Relief under § 2255 "is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id*. (citing *Davis v. United States*, 417 U.S. 333 (1974)).  However, where a § 2255 motion contains only "conclusional averments" without "factual material upon which to test the validity of [the] conclusions[,]" such a motion can be dismissed without "evidentiary hearing."  *Green v. Wingo*, 454 F.2d 52, 53 (6h Cir. 1972); *see also Milburn v. United States*, Nos. 2:10-cv-66, 2:05-cr-100, 2013 WL 1120856, *1 (E.D. Tenn. Mar. 18, 2013) (stating that "[a] § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and thereby fails to state a claim cognizable under § 2255").

Ineffective assistance of counsel claims "are appropriately brought by filing a motion under section 2255."  *Id*. (citing *United States v. Galloway*, 316 F.3d 624 (6th Cir. 2003)).

Relief in § 2255 proceedings on ineffective assistance of counsel claims requires that defendant "establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Id*. (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

In his Objections, with regard to the first ground, Hawkins states that counsel did not file any motion or otherwise address the Court with regard to the firearm for which he was charged. Hawkins presents no specifics about this purported ground for relief and it is unknown to the Court what type of motion or argument Hawkins contends should have been presented to the Court.[1]

With regard to the second ground for relief, Hawkins contends that counsel did not address his medical state at sentencing in support of a downward departure. Hawkins presents no particular facts upon which the Court could find that he suffers from a medical condition that would warrant a downward departure.

Concerning the third ground for relief, Hawkins contends that counsel did not explain if or why certain motions were presented to the Court. Hawkins fails to set forth any prejudice that may have resulted from the lack of explanation that would entitle him to relief.

Finally, with regard to the fourth ground for relief, Hawkins states that he never received any response to his direct appeal that was filed after sentencing. Hawkins, however, sets forth no facts or argument demonstrating why any such lack of explanation would entitle him to relief under § 2255.

---

[1] In entering a guilty plea to the gun charge, Hawkins admitted in his plea agreement that he "kept a gun in the house for protection of his drugs so that he did not get robbed." (Doc. 25, PAGEID 73).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court reviewed the comprehensive findings of the Magistrate Judge and considered all issues presented in Defendant's Motion *de novo*.  The Court, based on its review, agrees with the conclusions of the Magistrate Judge and finds that Defendant's grounds for relief, as set forth in his original Motion, must be **DENIED** and **DISMISSED**.  *See Napier v. United States*, 9 F.3d 108, (stating that, "[t]o be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255" ) (citations omitted). Accordingly, the Court concludes that: (1) the Report and Recommendations of the Magistrate Judge (Doc. 50) is **ADOPTED** in its entirety; (2) Defendant's Objections (Doc. 51) are **OVERRULED**; (3) Defendant's Motion to Vacate (Doc. 44) is **DENIED** without prejudice; and (4) any requested certificate of appealability is **DENIED**. [2]

       **IT IS SO ORDERED.**

Date:  4/26/13                                    ___*/s/ Timothy S. Black*_____
                                                     Timothy S. Black
                                                     United States District Judge

---

[2] In a note submitted along with his letter, Defendant requests information from the Court regarding his direct appeal.  Defendant suggests that he is unaware of the reason why his direct appeal was dismissed on his own motion.  Defendant also states that, at some point, he contacted his appellate attorney to request that an appeal be re-filed.  Even insofar as the Court could construe Defendant's suggestions in this regard as additional grounds in support of his Motion to Vacate, such grounds are presented to this Court for the first time in response to the Report and Recommendations of the Magistrate Judge.  The Sixth Circuit has indicated that, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n1 (6th Cir. 2000) (citing *Marshall v Chater*, 75 F.3d 1421 (10th Cir. 1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived"); *Ward v. United States*, 208 F.3d 216, 2000 WL 282648, *1 (6th Cir. Mar. 13, 2000) (finding that petitioner's failure to raise an argument before the magistrate judge amounted to waiver because claims "raised for the first time in objections to a magistrate judge's report [are] deemed waived"); *The Glidden Co. v. Kinsella*, 386 Fed.Appx. 535, 544 n2 (6th Cir. 2010).  The Court finds that Defendant waived any grounds for relief set forth in Defendant's note.